IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND EMPLOYEE RETENTION ASSETS LLC, HIGHLAND ERA MANAGEMENT LLC, and JAMES DONDERO, | § § § § § § | No. 292, 2019 |
| | § § | Court Below–Court of Chancery of the State of Delaware |
| Defendants Below– Appellants, | § § § | C.A. No. 2017-0488 (MTZ) |
| v. | § § § | |
| PATRICK DAUGHERTY, | § § § | |
| Plaintiff Below– Appellee. | § § § | |

Submitted: July 11, 2019
Decided: July 18, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

Upon consideration of the notice of interlocutory appeal, the supplemental notice of appeal, and the documents attached thereto, it appears to the Court that:

(1)    Defendants-appellants Highland Capital Management L.P., Highland Employee Retention Assets LLC, Highland ERA Management LLC[1] (collectively, "Highland") have petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from two Court of Chancery orders: (i) the Court of Chancery's May 17, 2019 bench ruling that granted in part plaintiff-appellee

---

[1] James Dondero is no longer a party to this lawsuit.

Patrick Daugherty's motion to compel the production of documents and (ii) the Court of Chancery's June 7, 2019 denial of Highland's motion for reargument on the motion to compel. On June 17, 2019, Highland filed an application for certification to take an interlocutory appeal. Daugherty opposed the application. The Court of Chancery refused the application in a detailed order dated July 8, 2019, explaining why interlocutory review was not warranted under the principles and criteria of Supreme Court Rule 42(b).

(2) Applications for interlocutory review are addressed to the sound discretion of the Court.[2] In the exercise of its discretion and giving great weight to the trial court's review, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[3] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[4]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] Del. Supr. Ct. R. 42(d)(v).
[3] Del. Supr. Ct. R. 42(b)(ii).
[4] Del. Supr. Ct. R. 42(b)(iii).

2